UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBORAH OWENS,**

    **Plaintiff,**      **CIVIL ACTION NO. 14-CV-14109**

vs.      **DISTRICT JUDGE PAUL D. BORMAN**

     **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Deborah Owens seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 18). The motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.    Recommendation**

The undersigned recommends that Plaintiff's Motion for Summary Judgment [15] be DENIED and that Defendant's Motion for Summary Judgment [18] be GRANTED.

**II.    Procedural History**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income with protective filing dates of February 17, 2012, alleging that she had been disabled since

1

August 20, 2010, due to bone pain, headaches, affective disorder, and anxiety disorder. (*See* TR 667-68.) Plaintiff's applications were denied, and she requested a *de novo* hearing, which was held before ALJ Kathleen Eiler, who found that Plaintiff was not disabled under the Act. (TR 665-74.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. After some procedural abnormalities related to Plaintiff's prior counsel (*see* docket nos. 10, 11, 13, 14, and 16; *see also* Administrative Order Nos. 15-AO-033 and 15-AO-045), the parties then filed their instant Motions.

### III. Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Defendant (docket no. 18 at 5-11), and the ALJ (TR 670-73) each set out a detailed factual recitation with regard to Plaintiff's medical record, the vocational expert's testimony, and Plaintiff's hearing testimony. Plaintiff does not set forth her medical records or hearing testimony as a separate section of her brief, but she discusses the relevant records throughout her argument. (*See* docket no. 15.) Despite the Parties' disparate reasoning related thereto, the undersigned finds that there are no material factual inconsistencies between these accounts of the record. Therefore, the undersigned will incorporate these statements of fact by reference. Nevertheless, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2011; that she had not engaged in substantial gainful activity since August 20, 2010, her alleged onset date; and that she suffered from severe hungry bone syndrome, status-post

2

thyroidectomy, headaches, affective disorder, and anxiety disorder. (TR 667-68.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 668-69.) The ALJ found that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff had

> the residual functional capacity to perform light work . . . except she can never climb ladders/ropes/scaffolds but can occasionally climb ramps/stairs, balance, stoop, crouch, kneel, or crawl. She must avoid concentrated exposure to vibration and to workplace hazards. She can perform simple, routine, repetitive tasks with minimal changes in a routine work setting and no production rate pace work. She can occasionally interact with supervisors, coworkers, and the general public.

(TR 669-72.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 673.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from August 20, 2010, through the date of her decision. (TR 674.)

**V. Law and Analysis**

**A. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard*

3

*v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on

"the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded because (1) the ALJ violated Plaintiff's due-process rights when she failed to provide Plaintiff with an opportunity to properly respond to supplemental evidence acquired by the ALJ, and (2) the ALJ failed to properly evaluate Plaintiff's credibility.

5

(Docket no. 15 at 4-14.)

### 1. Plaintiff's Due Process Rights

Plaintiff asserts that the ALJ erred when she acquired additional evidence following Plaintiff's hearing and failed to proffer that evidence to Plaintiff or, at a minimum, offer Plaintiff an opportunity to waive her right to review the records or ask for a supplemental hearing. (*See* docket no. 15 at 7-12.) While acknowledging its non-binding nature, Plaintiff relies on Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-7-1 to support her position.

> HALLEX I-2-7-1 states, in relevant part, as follows:
>
> An [ALJ] must give the claimant and appointed representative, if any, the opportunity to examine additional evidence received after the hearing in order for the claimant to:
>
> • Comment on, object to, or refute the evidence by submitting other evidence;
>
> • Request a supplemental hearing; or
>
> • If required for a full and true disclosure of the facts, cross-examine the author(s) of the evidence.
>
> When an ALJ receives additional evidence after the hearing from a source other than the claimant or the appointed representative, and the ALJ proposes to admit the evidence into the record, he or she must generally proffer the evidence to the claimant and appointed representative, if any. . . .
>
> An ALJ is not required to proffer posthearing evidence in the following circumstances:
>
> • The evidence was submitted by the claimant or the appointed representative, and there is no other party to the hearing;
>
> • The claimant has knowingly waived his or her right to examine the evidence; or
>
> • The ALJ issues a fully favorable decision.

HALLEX I-2-7-1 (internal citations and references omitted).

Although HALLEX provides procedural guidance, it is not binding on review. *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir.2008); *Walters v. Comm'r of Soc. Sec.*, No. 11-15171, 2013 WL 1364719, at *15 (E.D. Mich. Mar.12, 2013) (collecting cases). Nevertheless, as Defendant acknowledges, "some courts have granted relief where the procedures were not followed *and where the plaintiff demonstrates prejudice* from failure to follow the procedures. (Docket no. 18 at 17 (citing *Adams v. Comm'r of Soc. Sec.*, No. 4:13-cv-22, 2014 WL 3368692, at *8 (E.D. Tenn. Jul. 9, 2014) (quotation omitted)) (emphasis in original).) Here, though, even if the Court were to rely the HALLEX guidelines, Plaintiff has not shown any prejudice.

As Plaintiff notes, during her administrative hearing, the following discussion took place between Plaintiff and the ALJ:

> ALJ:   - so I have some options after I get the additional information in because I have three sources that I want to order additional records from --
>
> CLMT: Okay.
>
> ALJ: -- and, of course, I want to go through what you gave me today.
>
> CLMT: Okay.
>
> ALJ:   And once I receive all that information, I'll take everything under consideration, including your testimony.  And make a decision.
>
> CLMT: Okay.

(TR 703.)  Plaintiff notes, though, that "nothing in the record shows whether any additional request were sent, or where, or what they produced."  (Docket no. 15 at 10.)

As Defendant indicates, there are nine medical exhibits in the record: exhibits 1F-9F.  (*See* TR 882-970.)  The ALJ had exhibits 1F-5F at the hearing.  (*See* TR 682, 689.)  Exhibits 6F and

7

7F were provided by Plaintiff after the hearing. (*See* TR 682, 689, 909-56.) And Plaintiff's attorney presented Exhibit 9F. (*See* 965-70.) Thus, while the ALJ may have stated that she intended to request three additional records, she only received one: Exhibit 8F. (*See* TR 689, 957-60.) Importantly, though, the ALJ does not appear to have relied on this record.

Exhibit 8F is an 8-page record from Covenant Healthcare Med Express showing that Plaintiff visited Med Express one time on March 16, 2013. (TR 957-64.) While the ALJ did not have this record at the time of the hearing, she did discuss this visit to Med Express with Plaintiff:

> A: I did make – I don't think I had any other ER visits. I have to have – I did one Med Express visit. I thought I like pinched a nerve because I couldn't lift my arms up. And I guess it was just my muscle spasming [phonetic] from my calcium dropping. But –
>
> Q: And when was that?
>
> A: -- that was actually two weeks ago.
>
> Q: And when you say Med Express, where's that located?
>
> A: State Street in Saginaw.

(TR 689.) Thus, Plaintiff had an opportunity to discuss this visit with the ALJ. More importantly, though, the ALJ does not appear to have considered this evidence in making her decision. (*See* TR 669-71.) Therefore, even if Plaintiff were entitled to additional discussion regarding this exhibit, she suffered no prejudice from the ALJ's error, and Plaintiff's Motion should be denied with regard to this issue.

### 2. The ALJ's Credibility Determination

Additionally, Plaintiff argues that the ALJ's "bases cited . . . for disparaging Plaintiff's credibility are inconsistent with the evidence in the record and not supported by any findings that the ALJ cited in her decision. (Docket no. 15 at 12.) Plaintiff states that she was "regularly

8

noted to be in moderate to severe chronic pain;" that she was "noted to have been prescribed the narcotic pain medication Vicodin . . . for constant chronic pain;" that she "continued to suffer moderate to severe chronic bone pain and headaches despite all of the treatment administered;" and that she "was regularly advised that no effective treatment exists to treat the underlying cause of her bone pain, hypoparathyroidism resulting from inadvertent surgical removal of the parathyroid glands when her thyroid was removed, as demonstrated by the consistently inadequate parathyroid hormone levels after that surgery." (*Id.* at 12-14.)

"An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. Id. An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not enough to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "The adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *See id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about

9

the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); s*ee also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

After noting Plaintiff's allegations, the ALJ found that Plaintiff's complaints were less than fully credible because of "several inconsistencies noted in the claimant('s) allegations," which the ALJ acknowledged "may not be the result of a conscious intention to mislead, [but] suggests that the information provided by the claimant generally may not be entirely reliable." (TR 671-72.) The ALJ further noted:

> . . . . Although the claimant has received treatment for the allegedly disabling impairment(s), that treatment has been essentially routine and/or conservative in nature. The claimant has been prescribed and has taken appropriate medications for the alleged impairments, which weights in the claimant's favor, but the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms. The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. However, the aforementioned inconsistencies and lack of objective support in the record diminish the credibility of the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms. Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor.

(TR 672.) Likewise, Plaintiff fails to indicate what additional restrictions the ALJ should have found based on the evidence cited. That is, Plaintiff's citations to record supporting her

10

allegations are accurate, but the records citied by the ALJ are accurate as well. Such a determination only supports the ALJ's finding of inconsistencies. Moreover, though, even if the Court were to agree with Plaintiff's assertions regarding her interpretation of the record evidence, the ALJ's determination falls within her zone of choice and is, therefore, supported by substantial evidence. Thus, the ALJ's credibility determination should not be disturbed, and Plaintiff's Motion should be denied.

## VI. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [15] should be DENIED and Defendant's Motion for Summary Judgment [18] should be GRANTED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.   The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:   March 8, 2016                             s/ Mona K. Majzoub
                                                                MONA K. MAJZOUB
                                                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   March 8, 2016                             s/ Lisa C. Bartlett
                                                                Case Manager