UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH OWENS,

                Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

Case No. 14-14109

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

<u>OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 20);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 19);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15);
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO.
18); AND (5) DISMISSING THE CASE</u>

On March 8, 2016, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 19). In the Report and Recommendation, the Magistrate Judge recommends that this Court deny Plaintiff Deborah Owens' Motion for Summary Judgment (ECF No. 15) and grant Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 18).

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 20, Objections.) Defendant filed a response. (ECF No. 21.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. §

636(b)(1), the Court will deny Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation, deny Plaintiff's motion for summary judgment, and grant the Defendant's motion for summary judgment.

## I. BACKGROUND

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the ALJ's decision and Defendant's motion for summary judgment. While Plaintiff did not set forth her medical history in her motion for summary judgment or objections, she did note the relevant portions throughout her analysis. The Magistrate Judge held, and the Court agrees, that there are no material factual inconsistencies with these accounts and the Court incorporates those factual recitations here. (ECF No. 19, Report and Recommendation at *2-3; ECF No. 18, at *5-11; Tr. 670-73.)

Briefly, Plaintiff filed applications for Supplemental Security Income and Disability Insurance benefits with protective filing dates of February 12, 2012 and alleged disability onset date of August 20, 2010 due to bone pain, headaches, affective disorder, and anxiety disorder. (Tr. 667-68.) Plaintiff's applications were denied and she requested a hearing before an ALJ. (Tr. 665-74.) The hearing was held on March 26, 2013, before ALJ Kathleen H. Eiler; Plaintiff was not represented by counsel at the hearing, and a Vocational Expert ("VE") testified at the hearing. (Tr. 678-706.)

On May 31, 2013, the ALJ issued a written decision finding that Plaintiff was not disabled. (Tr. 665-74.) The ALJ concluded in her decision that Plaintiff suffered from the

severe impairments of hungry bone syndrome, status-post thyroidectomy, headaches, affective disorder, and anxiety disorder. (Tr. 668.) The ALJ then determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equalled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 668-69.)

Plaintiff was born on July 25, 1972 and was 38 years old at the alleged disability onset date. (Tr. 672.) Plaintiff had at least a high school education and had previously done unskilled work as a cleaner. (Tr. 672-73.) Plaintiff alleged that she began suffering from fatigue and headaches in August 2010 and was eventually diagnosed with a parathyroid disorder and had those glands removed in May 2012. (Tr. 670, 861, 864-69.) Plaintiff claimed that she then suffered from hypocalcaemia, an anxiety disorder, panic attacks, chronic depression, migraines and pain "24/7" that did not abate with medications. (Tr. 670, 683-84, 691-92.) Plaintiff lived with her son and two daughters, ages 20, 17, and 10. (Tr. 691.) Plaintiff testified that she was able to cook dinner, do dishes, vacuum, grocery shop, drive, and attend her children's parent teacher conferences. She further testified that she had difficulty sleeping, but enjoyed spending time on her computer. (Tr. 691-92.)

The ALJ determined that the Plaintiff had the residual functioning capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b and 416967(b) except she can never climb ladders/ropes/scaffolds but can occasionally climb ramps/stairs, balance, stoop, crouch, kneel, or crawl. She must avoid concentrated exposure to vibration and to workplace hazards. She can perform simple, routine, repetitive tasks with minimal changes in a routine work setting and no

>production rate pace work. She can occasionally interact with supervisors, coworkers, and the general public.

(Tr. 669.) The ALJ concluded that Plaintiff's allegations regarding the extent of her symptoms were not completely credible given the lack of any medical evidence or opinions indicating Plaintiff had limitations greater than those reflected in the RFC, inconsistencies in Plaintiff's allegations regarding her symptoms, as well as daily activities that were "not limited to the extent one would expect." (Tr. 671-72.)

The ALJ determined that Plaintiff could not perform her past work. The ALJ then concluded, based upon Plaintiff's age, education, work experience, and residual functional capacity, and relying upon the testimony of the VE, that Plaintiff was capable of performing the representative occupations such as mail clerk and night cleaner which existed in significant numbers in the national economy. (Tr. 673-74.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 674.)

Plaintiff appealed the ALJ's decision. On August 25, 2014, the Appeals Council denied her request for review, and the ALJ's decision became the agency's final decision. (Tr. 1-7.) Thereafter, Plaintiff timely filed this federal action seeking judicial review of the Defendant's decision. (ECF No. 1.) Plaintiff filed a Motion for Summary Judgment requesting the Court reverse the decision of the Defendant and remand for further hearings or, in the alternative, remand for an award of full benefits pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 15.) Plaintiff argued that the ALJ had violated her due process rights and the ALJ's credibility determination was not supported by substantial evidence.

Defendant also filed a Motion for Summary Judgment. (ECF No. 18.)

On March 8, 2016, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion summary judgment and granting Defendant's motion for summary judgment. (ECF No. 19.) Thereafter, Plaintiff filed her Objections to the Report and Recommendation and Defendant filed a response. (ECF Nos. 20, 21.)

## II.     STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (1994) ("Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards.").

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance;

it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to the second inquiry – whether proper legal criteria were followed – a decision of the Commission supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. Indeed, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (providing that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (citation omitted)).

III. ANALYSIS

A.     Objection 1

Plaintiff argues that the Magistrate Judge erred in evaluating Plaintiff's claim that her due process rights were violated by the ALJ's acquisition of additional evidence after the hearing.  Plaintiff argues pursuant to the Social Security Administration Hearings, Appeals and Litigation Law Manual ("HALLEX")  I-2-7-1, the ALJ was required to give Plaintiff the opportunity to examine any additional evidence received after the hearing to allow the Plaintiff to comment on, object to, or refute the evidence by submitting other evidence, request a supplemental hearing, or cross-examine the author of the evidence.  *See* HALLEX I-2-7-1.  Plaintiff contends that the Magistrate Judge erred by finding Plaintiff failed to show prejudice from the violation of HALLEX I-2-7-1.  Plaintiff notes that the Magistrate Judge "was not swayed by the fact" that the ALJ represented that she would request evidence from three sources but did not explain where or from what was ever received.   Plaintiff further claims the Magistrate Judge erred in failing to give consideration to the fact that Plaintiff was not represented by counsel during her hearing.

Plaintiff's arguments are without merit.  The Magistrate Judge accurately noted that HALLEX regulations are not binding authority on this Court and merely provide "guiding principles, procedural guidance and information to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008).  Further, some courts in this district have granted relief for violations of

HALLEX, but only "*where the plaintiff demonstrates prejudice* from the failure to follow procedures." (ECF No. 19, at *7, quoting *Adams v. Comm'r of Soc. Sec.*, No. 4:13-cv-22, 2014 WL 3368692, at * 8 (E.D. Tenn. Jul. 9, 2014) (emphasis in *Adams*)). The Magistrate Judge correctly deduced from the record, and Plaintiff does not challenge, that the ALJ received only one additional record item after the hearing: Exhibit 8F regarding the Plaintiff's March 16, 2013 visit to Med Express. Plaintiff alerted the ALJ to her March 16, 2013 visit to Med Express during the hearing and was generally aware of the contents of Exhibit 8F. (Tr. 689, noting she thought she had a pinched nerve but was diagnosed with a muscle spasm due to dropping calcium.) Critically, the ALJ did not materially rely upon that record in her decision. Thus, regardless of whether Plaintiff was represented by counsel at the hearing, Plaintiff has still not identified any prejudice flowing from the ALJ's failure to follow HALLEX I-2-7-1. Plaintiff's objection is denied.

  B. Objection 2

Plaintiff next objects to the Magistrate Judge's conclusion that there was substantial evidence to support the ALJ's credibility assessment of Plaintiff. Plaintiff argues that the inconsistencies that the ALJ relied upon in finding her credibility was lacking were "manufactured and false." (ECF No. 20, at *3.) Plaintiff further contends that the ALJ selectively relied upon medical records that predated her diagnosis to discredit her claims of chronic pain.

It is well settled that it is within the province of the ALJ to make credibility assessments, not the Court. *Siterlet v. Sec'y of Health and Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987) ("A reviewing court may not try the case de novo, nor resolve conflicts in the evidence nor decide questions of credibility."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (holding "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" (citation omitted)). Accordingly, an ALJ's credibility determination will only be disturbed for a "compelling reason." *See Sims v. Comm'r of Soc. Sec.*, 09-5773, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). In the present case, the Court finds no compelling reason to disturb the ALJ's credibility determination.

While it is true that many of Plaintiff's more recent medical records indicate complaints of chronic pain, many of those records only indicate moderate pain. (*See* PGID 862, 933, 953, 964.) More significantly, however, the Court finds that the ALJ's credibility determination was not based solely upon the claims of chronic pain or lack thereof. The ALJ also found a number of inconsistencies in Plaintiff's complaints regarding her allegations of back pain and her loss of vision in one eye and the lack of any medical record documenting those issues. The ALJ further noted that Plaintiff's activities of daily living did not correspond to her complaints of pain and found that her medications were "relatively effective in controlling the claimant's symptoms." (Tr. 672.) The ALJ observed that her "gait/station, strength, and reflexes" were normal during

9

evaluation and she was "repeatedly observed to be oriented to time/place/person, and showing no depression, anxiety, or agitation." (Tr. 671.) The ALJ further concluded that

> [g]iven the claimant's allegations of totally disabling symptom, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor. Consequently, the claimant's allegations are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 672.); *see Rhodes v. Colvin*, No. 14-13716, 2015 WL 6509151, at *5 (E.D. Mich., Oct. 7, 2015), *report and recommendation adopted by* 2015 WL 6796594 (E.D. Mich. Nov. 6, 2015) (concluding that where a claimant testified as to certain functional limitations but there was no medical record supporting those claim "the lack of physical restriction from a physician is considered substantial evidence supporting the ALJ's determination that [the claimant] is not as limited as he claims.") Given the number of inconsistencies and reasons cited by the ALJ, the Court finds that even assuming *arguendo* that the ALJ improperly relied upon Plaintiff's earlier medical record, Plaintiff cannot show any harm stemming from the ALJ's reliance when this was not the sole reason for the credibility determination. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (adopting a harmless error analysis for credibility determinations).

Plaintiff also claims that the "Magistrate Judge's final and most obvious error" regarding the ALJ's credibility determination was her conclusion that the Plaintiff failed to identify any additional restrictions based upon the evidence in the record. (*See* ECF No. 20, at *7.) Plaintiff argues that her failure to identify any restrictions beyond those

10

provided in the ALJ's residual functional capacity assessment was due to the fact she was unrepresented and unfamiliar with the hearing process. (*Id.* at *7-8.) This argument is without merit. Plaintiff is currently represented in the present action, and Plaintiff has failed to identify any evidence to support additional restrictions beyond her subjective complaints in her motion for summary judgment or in her objections. The Magistrate Judge's observation in this regard was correct and relevant and was not directed at any alleged deficiencies at the hearing. (ECF No. 19, at *11.)

In summary, Plaintiff contends that evidence in the record could support a her subjective complaints of pain and disability. Yet, "[i]f the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citation omitted). In the present case, the ALJ set forth a detailed examination of the medical evidence and testimony regarding both Plaintiff's disabilities and her daily activities that were inconsistent with Plaintiff's claims regarding the severity of pain and other symptoms. The Court does not diminish Plaintiff's hardships, however,

> [t]he substantial-evidence standard .... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion."

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citations omitted). Here, there is substantial evidence to support the ALJ's decision and thus the

Court must defer to the ALJ's decision. Accordingly, Plaintiff's objection regarding the her credibility assessment is denied.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 20), ADOPTS the Report and Recommendation (ECF No. 19), DENIES Plaintiff's Motion for Summary Judgement (ECF No. 15), GRANTS Defendant Commissioner's Motion for Summary Judgment (ECF No. 18) and DISMISSES this action with prejudice.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2016.

s/Deborah Tofil
Case Manager